STATE of Indiana et al., Appellants
(Defendants Below),

v.

Bernadette COSTA et al., Appellees
(Plaintiffs Below).

No. 45S05–0005–CV–338.

Supreme Court of Indiana.

Aug. 15, 2000.

Karen Freeman–Wilson, Attorney General of Indiana, Jon Laramore, Beth H. Henkel, Deputy Attorneys General, Indianapolis, Indiana, Attorneys for Appellants.

Peter L. Benjamin, Gerald M. Bishop, John S. Dull, Merrillville, Indiana, Attorneys for Appellees.

## ON PETITION FOR INTERLOCUTORY APPEAL

BOEHM, Justice.

Taxpayers brought this suit in a court of general jurisdiction to contest the Health Care for the Indigent [1] (HCI) tax levy. As in *State Board of Tax Commissioners v. Montgomery*, 730 N.E.2d 680 (Ind.2000), we hold that they must first exhaust the administrative remedy of requesting a refund.

The operation of the HCI program is described in *Montgomery*, 730 N.E.2d at 681. Briefly, the HCI program is designed to provide indigent patients with emergency medical health care. The HCI levy is imposed primarily as a property tax and the formula for its calculation in each county is prescribed by statute.[2] The HCI statute directs each county to establish an HCI fund and to forward the monies to a state HCI fund on a monthly basis. *See* Ind.Code §§ 12–16–14–1, –6 (1998 & Supp. 1999).

In June 1998, two of the taxpayers in this action, Troy Montgomery and Frances DuPey, wrote a letter to the Chairman of the State Board of Tax Commissioners requesting an adjustment of the formula for computing the HCI tax levy and a refund for three years of alleged overpayments. The Chairman responded that the State Board had no authority either to alter the statutory formula for assessment of the tax levy or to order any refunds. Montgomery and DuPey, along with several other parties to the present case, then brought suit in the Indiana Tax Court requesting a declaration that the tax levy violates Article 1, Section 23 and Article

1. The Health Care for the Indigent Program is codified at Indiana Code §§ 12–16–2–1 to –16–3.

2. *See* Ind.Code § 12–16–14–3 (1998).

10, Section 1 of the Indiana Constitution. The Tax Court found that it had jurisdiction over that case and certified the question for interlocutory appeal. This Court reversed, holding that the Tax Court was without jurisdiction because the petitioners had not exhausted their administrative remedies. *See Montgomery*, 730 N.E.2d at 680–81.

Before this Court rendered its decision in *Montgomery*, seven of the same taxpayers filed this suit in Lake County Superior Court. The State moved to dismiss, invoking the defense of failure to exhaust administrative remedies. The trial court denied the motion but certified the order for interlocutory appeal. The Court of Appeals declined to accept the appeal, and this Court accepted jurisdiction on May 24, 2000 pursuant to Indiana Appellate Rule 4(A)(9).[3]

 *Montgomery* explained the reasons for requiring exhaustion of administrative remedies and ultimate resort, if necessary, to the Tax Court. We concluded that a taxpayer seeking to challenge the HCI tax levy must file a claim for a refund pursuant to Indiana Code § 6–1.1–26–1. *See* 730 N.E.2d at 685. This claim is then reviewable by the State Board pursuant to Indiana Code § 6–1.1–26–2, and, if denied, constitutes a final determination of the State Board that is reviewable in the Tax Court.[4] The plaintiff-taxpayers have not filed a claim for a refund and thus have not exhausted their administrative remedies. Accordingly, this claim, filed as an original action in a court of general jurisdiction, must be dismissed.

This case is remanded to the trial court with direction to dismiss the taxpayers' claim.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.

---

**3.** Appellate Rule 4(A)(9) provides:
When an appeal is filed in the office of the clerk, in the Court of Appeals, appellant or appellee may petition the Supreme Court to transfer such an appeal to the Supreme Court upon a showing, under oath, that the appeal involves a substantial question of law of great public importance and that an emergency exists for a speedy determination.

**4.** Jurisdiction is proper in the Tax Court if the case arises under the tax laws of the State and the tax appeal follows from a final determination of the State Board of Tax Commissioners. *See State v. Sproles*, 672 N.E.2d 1353, 1356–57 (Ind.1996) (petitioner may appeal to Tax Court from a final determination of Department of State Revenue).