**Virginia GARWOOD and Kristin Garwood, Petitioners,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 82T10–0906–TA–29.

Tax Court of Indiana.

Dec. 21, 2010.

Stacy K. Newton, Rudolph, Fine, Porter & Johnson, LLP, Evansville, IN, Attorney for Petitioners.

Gregory F. Zoeller, Attorney General of Indiana, Nancy M. Hauptman, John D. Snethen, Deputy Attorneys General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

FISHER, J.

Come now the parties on the Indiana Department of State Revenue's (Department) motion to dismiss. The Court, having held a hearing and being duly advised in the premises, now DENIES the Department's motion.

1. The Department determined that the Garwoods' collective income tax liability for January 1, 2007 through December 31, 2008 was $12,352.50, which consisted of the tax itself ($5,758.00), a 100 percent non-payment penalty, collection fees, and clerk's fees. (*See* Resp't Des'g Evid. Ex. 2 at 1–8, 29–33; Ex. 11 ¶ 8.)

2. The Department determined that the Garwoods' collective sales tax liability for the January 1, 2007 through April 30, 2009 tax period was $272,383.38, consisting of the tax itself ($126,682.00), a 100 percent non-payment penalty, collection fees, and clerk's fees. (*See* Resp't Des'g Evid. Ex. 2 at 9–28, 34–55; Ex. 11 ¶ 8.)

## FACTS AND PROCEDURAL HISTORY

The following facts are undisputed. In February 2009, the Office of the Indiana Attorney General and the Department began investigating Virginia and Kristin Garwood's (hereinafter, "the Garwoods") business activities to determine whether they were conducting sales of puppies and not remitting the Indiana sales and income tax due on the sales. (*See* Resp't Des'g Evid. Ex. 5 ¶ 3.) The Department ultimately determined that the Garwoods were indeed conducting sales and that their "actions were jeopardizing the collection of Indiana sales and income tax[.]" (Resp't Mem. Law Supp. Mot. Dismiss (hereinafter, "Resp't Br.") at 5.) As a result, on May 29, 2009, the Department obtained from the Superior Court of Marion County a warrant to search the Garwoods' Harrison County residential and commercial properties and seize certain items related to the puppy sales. (Resp't Des'g Evid. Ex. 1.) The Department also generated four jeopardy tax assessments for the Garwoods' purported income tax liabilities [1] and twelve jeopardy tax assessments for their purported sales tax liabilities.[2] (*See* Resp't Des'g Evid. Ex. 2 (footnotes added).) *See also* IND.CODE ANN. § 6–8.1–5–3 (West 2007).[3]

3. Indiana Code § 6–8.1–5–3 authorizes the issuance of jeopardy tax assessments if the Department "finds that a person owing taxes intends to quickly leave the state, remove his property from the state, conceal his property in the state, or do any other act that would jeopardize the collection of those taxes[.]" IND.CODE ANN. § 6–8.1–5–3(a) (West 2007). The statute further states that the Department "may declare the person's tax period at an end, may immediately make an assessment for the taxes owing, and may demand immediate payment of the amount due, without providing the notice required in IC 6–8.1–8–2." *Id.*

On June 2, 2009, the Department, in conjunction with its search of the Garwoods' properties, served the Garwoods with all sixteen jeopardy tax assessments, demanding immediate payment. (*See* Resp't Des'g Evid. Ex. 4 ¶¶ 4–15; Ex. 5 ¶ 19.) When neither of the Garwoods paid, the Department seized, *inter alia,* approximately 240 dogs and puppies that were on their properties. (*See* Resp't Des'g Evid. Ex. 5 ¶ 20.) In addition, the Department filed with the Harrison Circuit Court sixteen jeopardy tax warrants and a post-judgment restraining order and injunction, seeking to prevent the Garwoods from conducting any further business within the state. (Resp't Br. at 2.) (*See also* Resp't Des'g Evid. Ex. 3.)

The following day, the Department sold all 240 of the dogs and puppies to the Humane Society of the United States for a total of $300.00.[4] (Petrs' Des'g Evid. Aff. Virginia Garwood ¶ 11; Ex. 4 (footnote added).) The Department applied the monies to the Garwoods' outstanding income and sales tax liabilities. On June 4, 2009, the Harrison Circuit Court entered the parties agreed order, which in pertinent part provided that the parties could "proceed under I.C. § 6–8.1–8–5, 45 IAC 15–5–8, or any other remedy [with respect to the issuance of the] jeopardy assessments and warrants."[5] (Resp't Des'g Evid. Ex. 13 at 6 ¶ 8 (footnote added).)

On June 8, 2009, the Department filed a "Verified Petition for Proceedings Supplemental" in the Harrison Circuit Court. (Hr'g Tr. Ex. 1 at 4.) On June 10, 2009, the Garwoods timely protested their jeopardy assessments to the Department. (Petrs' Des'g Evid. Ex. 7.) *See also* 45 IND.ADMIN. CODE 15–5–8(c) (2007) (*see* http://www.in.gov/legislative/iac/) (requiring taxpayers to protest a jeopardy assessment within twenty days after the assessment is made). On June 22, 2009, the Department issued a letter stating that:

> The Department ... respectfully declines the opportunity to conduct the hearing requested in your letter dated June 10, 2009. 45 IAC 15–5–8(c) controls the issue and states:
>
>> If the taxpayer believes that it does not owe some or all of the amounts assessed by the department under IC 6–8.1–5–3, it may protest within twenty (20) days after the assessment is made. The taxpayer may request a hearing whereupon the department *may hold a hearing* in conformity with the provisions of 45 IAC 15–5–3. (*Emphasis added* ).

4. The search warrant, authorizing the Department to search and seize "[a]ny and all cash, canines, or other inventory or business proceeds" found on the Garwoods' properties, also provided that the Department was to hold that property pending order of the Superior Court of Marion County. (*See* Resp't Des'g Evid. Ex. 1 ¶ H.) There is no indication that the Department's disposition of the Garwoods' puppies and dogs were conducted pursuant to the order of that court. *But see* A.I.C. § 6–8.1–5–3(c) (allowing the Department to "levy on and sell [a taxpayer's] property" after issuing a jeopardy assessment and jeopardy tax warrant).

5. Indiana Code § 6–8.1–8–5 provides that "[a]t any time after a judgment arising from a tax warrant has been recorded, the department may obtain a court order restraining the person owing the tax from conducting business in Indiana." IND.CODE ANN. § 6–8.1–8–5 (West 2007). "The restraining order is valid as long as the judgment remains in effect, but the department may have the order dissolved if it feels that by dissolving the order the judgment will be easier to collect." *Id.* In turn, 45 IAC 15–5–8, in part, provides that a taxpayer may protest an assessment issued pursuant to Indiana Code § 6–8.1–5–3 if it believes the assessment is incorrect. *See* 45 IND. ADMIN. CODE 15–5–8(c) (2007) (*see* http://www.in.gov/legislative/iac/).

The Department concludes that the relief requested by [the] Garwood[s] is best available in Harrison Circuit Court.

(Petrs' Des'g Evid. Ex. 8.)

On June 29, 2009, the Garwoods filed with this Court a "Verified Petition for Judicial Review of a Final Determination by the [Department]" (petition) and a "Petition to Enjoin the Collection of Tax Pending the Original Tax Appeal" (injunction).[6] This Court subsequently granted the parties' two joint motions to stay. On October 20, 2010, after conclusion of the final stay, the Department filed a motion to dismiss. The Department asserted that the Garwoods' petition should be dismissed pursuant to Indiana Trial Rule 12(B)(1) (lack of subject matter jurisdiction), 12(B)(2) (lack of personal jurisdiction), 12(B)(3) (improper venue), 12(B)(6) (failure to state a claim upon which relief can be granted), and 12(B)(8) (same action pending in another court). On November 22, 2010, the Garwoods timely filed their response thereto. On December 3, 2010, the Court held a hearing on the matter.[7] Additional facts will be supplied as necessary.

## ANALYSIS AND ORDER

### 1. The 12(B)(1) Claim

■ Subject matter jurisdiction, the power of a court to hear and determine a particular class of cases, is not conferred upon a court by consent or agreement of the parties to litigation. See K.S. v. State, 849 N.E.2d 538, 540 (Ind.2006); State v. Sproles, 672 N.E.2d 1353, 1356 (Ind.1996). Rather, it can only be conferred upon a court by the Indiana Constitution or by statute. See Sproles, 672 N.E.2d at 1356.

■ This Court has subject matter jurisdiction over all "original tax appeals." IND.CODE ANN. § 33–26–3–3 (West 2010). Indeed, this Court has "exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination made by ... the [Department] with respect to a listed tax (as defined in Indiana Code § 6–8.1–1–1)[.]" IND.CODE ANN. § 33–26–3–1 (West 2010). When litigants do not exhaust their administrative remedies (i.e., obtain a final determination from the Department), however, this Court cannot address their claims. See, e.g., Goldstein v. Ind. Dep't of Local Gov't Fin., 876 N.E.2d 391, 393–94 (Ind. Tax Ct.2007).

The Department has presented two alternative reasons as to why the Court lacks subject matter jurisdiction over the Garwoods' petition. First, the Department contends that the Indiana Supreme Court case of State ex rel. Indiana Department of Revenue v. Deaton (Deaton II), 755 N.E.2d 568 (Ind.2001) controls the outcome of this matter. (See Resp't Br. at 7–10.) Alternatively, the Department contends that the Garwoods' failure to exhaust their administrative remedies by filing a claim for refund with the Department has deprived this Court of its ability to address the claims presented in their petition. (See Resp't Br. at 10–13.) The Court will address each of these arguments in turn.

■ The Department maintains that Deaton II stands for the proposition that its jeopardy tax warrants are the final

---

**6.** On August 12, 2009, the Harrison Circuit Court entered an order enjoining the Department from collecting the taxes imposed by its jeopardy tax warrants. (Resp't Br. at 6–7.)

**7.** On December 7, 2010, the Department filed a motion seeking leave to address questions raised by the Court during the motion to dismiss hearing. The Garwoods filed their objection thereto on December 10, 2010. The Court now DENIES the Department's motion.

judgments of the Harrison Circuit Court; thus, "'the day for disputing the tax is over, and the matter has progressed to the collection stage.'" (*See* Resp't Br. at 9 (*quoting Deaton II*, 755 N.E.2d at 571).) A close reading of that case, however, reveals otherwise. In particular, in holding that the Department need not "domesticate" its final judgment (i.e., a tax warrant) before beginning proceedings supplemental, the Indiana Supreme Court explained that:

> *unless and until [the taxpayers' proposed assessment] is appealed to the Tax Court, a final determination of the Department is the equivalent of a judgment,* and when the tax warrant that embodies that final determination is recorded as a judgment lien in the judgment record of a county court, the warrant becomes a judgment of that court, which thereby acquires jurisdiction for the limited purpose of enforcing the judgment.

*Deaton II*, 755 N.E.2d at 571 (emphasis added). Therefore, the fact that the taxpayers in that case protested the proposed assessment with the Department, but not this Court, was crucial. *See id.* at 570. Indeed, the tax warrant in that case was equivalent to a judgment because the taxpayer's challenges to the validity of the underlying assessment had concluded. *See id.* (stating "[w]hen a tax warrant that embodies *an unappealed final determination of the Department* is recorded in the judgment record of a county court ... the warrant becomes a 'judgment lien' of that court") (emphasis added).

Here, unlike in *Deaton II*, the Garwoods have attempted to contest the validity of the jeopardy tax assessments with both the Department and this Court. Admittedly, Indiana Code § 6–8.1–5–3, on its face, provides no opportunity to contest jeopardy tax assessments; nevertheless, the Indiana Supreme Court has pronounced that taxpayers like the Garwoods may challenge jeopardy tax assessments pursuant to Indiana Code § 6–8.1–5–1. *Clifft v. Ind. Dep't of State Revenue*, 660 N.E.2d 310, 317–18 (Ind.1995).[8] *Accord* 45 I.A.C. 15–5–8(c). *Deaton II* therefore does not control the outcome of this matter; rather, it simply suggests that the jeopardy tax warrants at issue in this case have not attained the status of "judgments."

The Court now turns to the Department's alternative claim, that the Garwoods' failure to file a claim for refund with the Department now precludes their challenge with this Court. To resolve this issue, the Court must determine whether the Garwoods' appeal to this Court both "arises under the tax laws" of this state and "is an initial appeal of a final determination made by ... the [Department] with respect to a listed tax (as defined in Indiana Code § 6–8.1–1–1)[.]" A.I.C. § 33–26–3–1. The Court finds that the Garwoods' appeal satisfies both of these requirements.

 "A case 'arises under' the tax laws of Indiana ... if the case principally involves collection of a tax or defenses to that collection." *Deaton II*, 755 N.E.2d at 571 (*citing Sproles*, 672 N.E.2d at 1357). The claims presented in the Garwoods' petition indisputably arise under the tax laws of this state, as they involve the

---

**8.** *Clifft* addressed whether a controlled substance excise tax (CSET) assessment comported with the Fourteenth Amendment to the United States Constitution. *Clifft v. Ind. Dep't of State Revenue*, 660 N.E.2d 310, 317–18 (Ind.1995). While the Department argues that *Clifft* is inapplicable because it concerned the CSET statutes only, (*see* Hr'g Tr. at 47), it is incorrect. *See Clifft*, 660 N.E.2d at 317 (explaining that a CSET assessment *is a jeopardy tax assessment* under Indiana Code § 6–7–3–13).

amount of tax owed by the Garwoods. (*See* Petrs' V. Pet. Judicial Review ¶ 5 ("The taxes as assessed by the Department . . . are far in excess of any amounts that could potentially be due").) (*See also* Hr'g Tr. at 33 (explaining that the Garwoods are not "claiming that no tax is due [; rather, they are] claiming that the amount of tax . . . that the [Department] says is due is outrageous").)

■ With respect to the second requirement, a final determination is an order that determines the rights of, or imposes obligations on, the parties as a consummation of the administrative process. *BP Prods. N. Amer., Inc. v. Dep't of Local Gov't Fin.*, 774 N.E.2d 122, 126 (Ind. Tax Ct.2002) (citation omitted), *review denied.* The Department maintains that because the Garwoods have not filed a claim for refund with the Department, there is no final determination to place their appeal before the Court. More specifically, the Department claims that "[t]he State's jeopardy tax assessment remedy is a pure pay to play' system." (Resp't Br. at 12.) As a result, "the taxpayer must first pay the taxes assessed, request [ ] a refund, and then if dissatisfied with the outcome of the refund request, [ ] seek judicial review." (Resp't Br. at 12.) The Court disagrees for the following reasons.

First, Indiana Code § 6–8.1–5–3 is silent as to the manner by which a taxpayer may challenge the validity of a jeopardy assessment. *See* A.I.C. § 6–8.1–5–3. Second, the claim for refund statute makes no mention of jeopardy tax assessments. *See* IND.CODE ANN. § 6–8.1–9–1 (West 2007). Third, nearly fifteen years ago, Indiana's Supreme Court unambiguously explained that taxpayers may challenge jeopardy assessments through the administrative procedures provided under Indiana Code § 6–8.1–5–1. *See Clifft*, 660 N.E.2d at 317–18. Fourth, the Department's own regulation, enacted in 1987, provides that taxpayers "may protest [a jeopardy assessment] within twenty (20) days after the assessment is made." 45 I.A.C. 15–5–8(c). Consequently, through its argument, the Department attempts to eliminate one administrative path to the Tax Court when there are actually at least two. *See* A.I.C. § 6–8.1–5–1 (the protest process); A.I.C. § 6–8.1–9–1 (the claim for refund process). This Court, however, will not sanction such actions.

■ The Department assessed the Garwoods with liabilities for Indiana's income and sales taxes, both of which are listed taxes under Indiana Code § 6–8.1–1–1. *See* Ind.Code Ann. § 6–8.1–1–1 (West 2007.) The Garwoods timely protested those assessments with the Department in conformity with Indiana Code §§ 6–8.1–5–1 and 6–8.1–5–3, 45 I.A.C. 15–5–8, and *Clifft.* The Department subsequently issued a letter, without holding a hearing, advising the Garwoods that the relief they sought was in the Harrison Circuit Court.[9]

---

9. As an aside, 45 IAC 15–5–8 does state that the Department *may* hold a hearing when a taxpayer protests the issuance of a jeopardy tax assessment. *See* 45 I.A.C. 15–5–8(c). Nevertheless, "may" is generally understood to mean "shall" when holding otherwise results in a violation of a constitutionally mandated right, such as the guarantee to a post-deprivation hearing pursuant to both the Fourteenth Amendment to the United States Constitution as well as the Due Course of Law Clause of the Indiana Constitution. *See Noble v. City of Warsaw*, 156 Ind.App. 618, 297 N.E.2d 916, 919 (1973) (explaining that "may" should be construed to mean "shall" "if the ordinary meaning of "may" would render a provision [of a regulation] unconstitutional") (*citing Bd. Comm'rs of Vigo County v. Davis*, 136 Ind. 503, 36 N.E. 141 (1893)). *See also First Nat'l Leasing and Fin. Corp. v. Ind. Dep't of State Revenue*, 598 N.E.2d 640, 643 (Ind. Tax Ct.1992) ("Rules used to construe the meaning of a statute equally apply

Therefore, for purposes of this case, the Department's letter constituted a final determination. The Garwoods' action is an original tax appeal; therefore, the Court denies the Department's 12(B)(1) motion to dismiss.

### 2. The 12(B)(2), (3), (6), and (8) Claims

The Department's remaining 12(B) claims are premised on the same logic as its 12(B)(1) claim: namely, that *Deaton II* controls and that there is no appealable final determination in this case.[10] (*See generally* Resp't Br. at 14–19 (footnote added).) As explained *infra*, the Depart-

ment's logic is flawed. Accordingly, the Court denies the Department's remaining 12(B) claims.

### CONCLUSION

For the above stated reasons, the Department's motion to dismiss is DENIED in its entirety.

SO ORDERED.

---

when construing the meaning of administrative rules and regulations") (citation omitted).

10. For example, the Department claims the Court lacks personal jurisdiction over it because there is no appealable final determination. (*See* Resp't Br. at 14–16.) The Depart-

ment also claims that preferred venue is in the Harrison Circuit Court and that the Garwoods' tax case is moot because the jeopardy tax warrants are the judgments of the Harrison Circuit Court. (*See* Resp't Br. at 16–19.)