Gordon A. ETZLER, Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 45T10–1105–TA–38.

Tax Court of Indiana.

Nov. 21, 2011.

Gordon A. Etzler, Gordon A. Etzler & Associates, LLP, Valparaiso, IN, pro se.

Gregory F. Zoeller, Indiana Attorney General, Jennifer E. Gauger, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

WENTWORTH, J.

Gordon A. Etzler has filed an appeal asking this Court to declare that his security interest in certain property has priority over the Indiana Department of State Revenue's (Department) judgment liens. The Court must dismiss the action, however, because it lacks subject matter jurisdiction.

### FACTS AND PROCEDURAL HISTORY

In 2010, Dale F. Dodson, a resident of Marshall County, Indiana, owed Etzler, his attorney, fees for services rendered. To satisfy that debt, Dodson assigned to Etzler his right to the money he expected to receive in November 2011 from the Indiana Horse Racing Commission (Commission).[1]

On November 16, 2010, Etzler filed a UCC Financing Statement with the Indiana Secretary of State documenting the assignment. The very next day, the State Auditor issued a notification to Dodson indicating that although the Commis-

sion had issued the funds to Dodson's bank account, payment was withheld to satisfy a Department tax levy.

From January 2011 through April 2011, Etzler attempted numerous times, via written and telephonic correspondence, to get the Department to release the Commission's proceeds to him, complaining that because the Department had not provided him with any documentation to "justify" its levy against Dodson, the money was being unlawfully withheld from him. Etzler's attempts, however, were unsuccessful.

On May 6, 2011, Etzler, questioning the validity of the tax warrants issued against Dodson, requested that the Department conduct an administrative hearing. The Department declined his request.

On May 17, 2011, Etzler filed an appeal with this Court. The Department then filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(1) for lack of subject matter jurisdiction. The Court conducted a hearing on the Department's motion on August 12, 2011. Additional facts will be supplied when necessary.

### LAW

Subject matter jurisdiction is the power of a court to hear and determine a particular class of cases. *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006). Subject matter jurisdiction can only be conferred upon a court by the Indiana Constitution or by statute. *State v. Sproles,* 672 N.E.2d 1353, 1356 (Ind.1996).

The Tax Court has exclusive subject matter jurisdiction over "original tax appeals." IND.CODE § 33–26–3–1, –3 (2011). A case is an original tax appeal only if two statutory requirements are met. First,

1. More specifically, Dodson was to receive a "breeder's award" for a horse that his mare sired.

the case must "arise[ ] under the tax laws of Indiana[.]" I.C. § 33–26–3–1. Second, the case must be an initial appeal of a final determination made by the Department with respect to a listed tax as defined in Indiana Code § 6–8.1–1–1.[2] I.C. § 33–26–3–1 (footnote added).

 With respect to the first requirement, a case "arises under" Indiana's tax laws if: 1) it principally involves the collection of a tax or defenses to that collection; or 2) an Indiana tax statute creates the right of action. *Sproles*, 672 N.E.2d at 1357. The second requirement embodies the principle basic to all administrative law that a party seeking judicial relief from an agency action must first establish that all administrative remedies have been exhausted. *See State Bd. of Tax Comm'rs v. Ispat Inland, Inc.*, 784 N.E.2d 477, 482 (Ind.2003). Thus, the lack of a final determination from the Department, which is the equivalent to the failure to exhaust administrative remedies, will act to deprive the Tax Court of subject matter jurisdiction in a case. *See State ex rel. Att'y Gen. v. Lake Super. Ct.*, 820 N.E.2d 1240, 1247 (Ind.2005) (citation omitted), *cert. denied; Ispat Inland*, 784 N.E.2d at 482.

## ANALYSIS

The Department contends the Court lacks subject matter jurisdiction over Etzler's action because it is not an original tax appeal. Specifically, the Department argues that Etzler's case does not arise under Indiana's tax laws because it does not principally involve the collection of a tax; rather, it involves a collection matter arising from a final judgment against Dodson in Marshall Circuit Court. (Resp't Mem. Law Supp. Mot. Dismiss (hereinafter, "Resp't Mem.") at 1.) (*See also* Mot.

Dismiss Hr'g Tr. (hereinafter, "Hr'g Tr.") at 3–4.) The Department also argues that Etzler's case does not arise under Indiana's tax laws because there is no tax statute that creates Etzler's right to sue the Department in this Court regarding the validity of the Marshall Circuit Court's judgments against Dodson. (*See* Hr'g Tr. at 4.) In the alternative, the Department asserts that if Etzler's appeal does indeed arise under Indiana's tax laws, Etzler has not received, and therefore does not appeal from, a final determination of the Department. (Hr'g Tr. at 6–7.)

In response, Etzler argues that his appeal *is* an original tax appeal. He maintains that his case arises under the tax laws of Indiana because the Department, by seizing the funds deposited in Dodson's account, is seeking to collect a tax from Dodson. (*See* Hr'g Tr. at 19–21.) Etzler also maintains that he is appealing from a final determination of the Department: a final determination that took form in the Department's denial of his request for an administrative hearing. (*See* Hr'g Tr. at 27–28, 35–36.)

### The "Arises Under" Requirement

In the 1990s, Dodson stopped filing state income tax returns. (Hr'g Tr. at 15.) Believing that Dodson nonetheless owed income tax, the Department issued to him numerous proposed assessments based on the best information available to it. (*Cf.* IND.CODE § 6–8.1–5–1(a) (1995) *with* Hr'g Tr. at 8–9, 38–39.) While Dodson was entitled to protest the assessments, he did not. (*Cf.* I.C. § 6–8.1–5–1(b), (c) *with* Hr'g Tr. at 7.) When the Department subsequently issued demand notices to Dodson, he neither paid the assessments nor came forward to show reasonable cause for non-

---

2. While not relevant here, a case may also be an initial appeal of a final determination made by the Indiana Board of Tax Review or the Department of Local Government Finance. *See* IND.CODE § 33–26–3–1 (2011); IND.CODE § 33–26–6–0.2 (2011).

payment. (*Cf.* Ind.Code § 6–8.1–8–2(a), (b) (1995) *with* Hr'g Tr. at 7–9, 38–39.) Consequently, when the Department recorded its tax warrants with the Marshall Circuit Court, they became final judgments of that court. *See* I.C. § 6–8.1–8–2(d), (e). Those judgments created liens against Dodson's property and the Department was accordingly authorized, without any further judicial proceedings, to levy upon Dodson's bank accounts, garnish his wages, or levy upon and sell his property. *See* I.C. § 6–8.1–8–2(e). *See also* IND.CODE § 6–8.1–8–8 (1995).

The Indiana Supreme Court has explained that "[w]hen a tax warrant that embodies an unappealed final determination of the Department is recorded in the judgment record of a county court, [Indiana Code § 6–8.1–8–2] provides that the warrant becomes a 'judgment lien' of *that* court, and *th[at]* court … enforc[es] the judgment lien." *State ex rel. Indiana Dep't of Revenue v. Deaton*, 755 N.E.2d 568, 570 (Ind.2001) (emphases added). By this language, "the General Assembly intended … that the 'judgment lien' for the tax obligation has the status of a judgment of the court of general jurisdiction." *Id.*

■ Given that Dodson never protested his tax liability, any case that could theoretically be advanced by Dodson *now* no longer involves the collection of a tax; rather, it would involve the collection and enforcement of a judgment of the Marshall Circuit Court. *See Deaton*, 755 N.E.2d at 570 (explaining that once tax warrants become final judgments of the county court, the taxpayer's "day for disputing the tax is over[ ] and the matter[ ] progresse[s] to the collection stage"). Jurisdiction over such a case would therefore lie with the Marshall Circuit Court, not the Tax Court. *See id. See also State ex rel. Zoeller v. Aisin*, 946 N.E.2d 1148, 1154 (Ind.2011) (rejecting the position that the Depart-

ment's initiation of proceedings supplemental in a general trial court to collect on already-issued tax warrants would fall within the Tax Court's exclusive jurisdiction), *reh'g denied.* It stands to reason, then, that *Etzler's* appeal, which collaterally attacks the validity of the Marshall Circuit Court's judgment against Dodson, likewise does not involve the collection of a tax. Furthermore, there is no tax statute that allows Etzler, as Dodson's creditor, to challenge the validity of a Marshall Circuit Court judgment in the Indiana Tax Court. Etzler's appeal, therefore, does not "arise under" the tax laws of Indiana.

### The Final Determination Requirement

■ This Court's exclusive jurisdiction is also contingent upon the requirement that the case is an initial appeal of a final determination made by the Department that a listed tax is owed. I.C. § 33–26–3–1. As the Indiana Supreme Court has explained, "[a] taxpayer receives a final determination [from the Department] in one of two ways." *Sproles*, 672 N.E.2d at 1357. First, "[t]he taxpayer can pay the tax, request a refund, and sue in the Tax Court if the request is denied. Alternatively, the taxpayer can protest the listed tax at the assessment stage and appeal to the Tax Court from a letter of findings denying the protest." *Id.* (citations omitted). It is evident in this case that Etzler has not received a final determination from the Department in either one of these ways.

### CONCLUSION

Etzler's appeal is not an original tax appeal: it neither arises under the tax laws of Indiana nor does it appeal a final determination of the Department. Consequently, this Court lacks subject matter jurisdiction over Etzler's appeal and here-

by GRANTS the Department's motion to dismiss.

SO ORDERED.