

**FILED**

Sep 30 2015, 9:44 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANTS | ATTORNEYS FOR APPELLEES |
|---|---|
| Aaron E. Haith | Gregory F. Zoeller |
| Indianapolis, Indiana | Attorney General of Indiana |
| | Kyle Hunter |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael W. Troyan and MT Management, LLC, | September 30, 2015 |
| *Appellants-Plaintiffs,* | Court of Appeals Case No. 49A02-1411-PL-794 |
| v. | Appeal from the Marion Superior Court. |
| The Commissioner of the Indiana Department of Revenue, et al., | The Honorable H. Patrick Murphy, Magistrate. |
| *Appellees-Defendants.* | Cause No. 49D14-1407-PL-023446 |

**Shepard, Senior Judge**

[1] Appellant Michael W. Troyan has contended that the Department of Revenue was wrong to assess withholding tax against his limited liability company. A trial court denied his request for injunctive relief against the Department. On appeal, he contends this denial was an abuse of discretion. We remand with

instructions to dismiss, inasmuch as exclusive jurisdiction rests with the Tax Court.

## Issue

Troyan contends that the trial court abused its discretion by denying his request for a temporary restraining order and permanent injunctive relief from unpaid tax assessments reduced to judgment. The dispositive issue on appeal, however, is whether the Marion Superior Court had jurisdiction over this matter in the first place.

## Facts and Procedural History

The Indiana Department of Revenue stores records on and interacts with companies based on their federal tax identification number ("FEIN") and the corresponding state tax identification number ("TID"). An entity doing business in Indiana registers to pay taxes by submitting a Business Tax Application on a form known as a BT-1, which identifies the type of tax for which it is being registered. The company provides all the information on the form except for the TID, which the Department issues after it receives the application. Both the state and federal numbers are uniquely issued to only one business entity.

On August 6, 2010, MT Management, LLC was organized as an Indiana limited liability company. The articles of organization list Mike Troyan as the registered agent and the address as 55 S. State Street, Suite 388, Indianapolis,

Indiana 46201. MT Management's FEIN is 273215631 and DOR gave it a TID of 0140920510.

[5] On May 5, 2011, a BT-1 was filed electronically with the DOR under MT's FEIN. It listed the business name as "Mount Management" and appears to have been filed by Troyan. The form listed a business address of 55 South State Avenue, (rather than "Street"), featured MT's FEIN, Troyan's contact information and social security number, and declared that the company had begun withholding taxes from an Indiana resident or employee.

[6] MT Management was thus obliged to pay withholding taxes and report the amount withheld on a form known as a WH-1. If a business does not do that on schedule, DOR is authorized to assess a tax based on the best information available, such as the national average withholding tax reported by similar employers.

[7] Once a business receives an assessment, it may: (1) pay the amount assessed; or (2) file a WH-1 for the period; or (3) file a written protest with DOR requesting a hearing. Even if a business paid no wages, it must file a return so indicating, known as a "Zero Return," and it will not be assessed. The duty to report withholding continues.

[8] During the winter of 2011-12 and onward, DOR issued proposed best-information withholding tax assessments for the third quarter of 2011, and then the fourth quarter of 2011 for the company identified by MT Management's

federal and state ID numbers. In February 2012, a warrant for collection of tax was issued for MT Management.

[9] On October 25, 2012, Troyan went to DOR and filed two Zero Returns for the third and fourth quarter of 2011 on behalf of MT Management. Both Zero Returns bore the name "Mount Management" and were signed by Troyan. The previous assessments were thus cancelled, and collection efforts ceased.

[10] Of course, MT Management's duty to report withholding taxes continued. It did not, so DOR eventually issued proposed withholding tax assessments covering 2012 and 2013. On August 8, 2014, DOR wrote Troyan's counsel notifying him that MT had not filed the necessary returns and saying that if the business had not withheld taxes for the past years, he could file Zero Returns as before, and if MT Management did not anticipate withholding taxes in the future, the company could file a notice that it was closing or no longer required to be registered for such taxes.

[11] In due course, the unpaid assessments converted to a judgment and a collection agency placed a levy on MT Management's funds in Peoples Bank on June 6, 2014. On July 14, 2014, MT Management and Troyan filed a complaint for injunctive relief and damages, requesting the release of the levy.

[12] The levy on MT Management's funds was released on July 21, 2014. Following a hearing, the trial court denied the request for a temporary restraining order and injunction. The court concluded that the request for injunctive relief was moot because the levy had been released and the funds

were available to the plaintiffs, but went on to evaluate MT's request in accord with the standards applicable to Indiana Trial Rule 65 and concluded that the requests for injunctive relief failed on the merits. MT Management and Troyan now appeal from this order.

## Discussion and Decision

[13] Troyan and MT Management allege an abuse of discretion on the part of the trial court by denying the request for injunctive relief. "The grant or denial of a request for a preliminary injunction rests within the sound discretion of the trial court, and our review is limited to whether there was a clear abuse of that discretion." *City of Gary, Ind. v. Majestic Star Casino, LLC*, 905 N.E.2d 1076, 1082 (Ind. Ct. App. 2009), *trans. denied*. On appellate review, we must determine if the trial court's findings support its judgment and will reverse only when the trial court's judgment is clearly erroneous. *Id.*

[14] Troyan and MT Management summarize their argument in terms of the trial court's failure to recognize that Troyan had established all of the requisite elements to obtain injunctive relief. However, the relief sought as expressed in the appellants' brief is resolution of the assessment and collection of a tax Troyan and MT Management claim is not owed.

[15] The Department has responded to the merits of this position, but it has also argued here, as it did in the trial court, that under either scenario, it is the Indiana Tax Court and not the Marion Superior Court or this Court that has

jurisdiction over such claims. The Department is correct, for reasons we set forth below.

[16] The Indiana Code says rather directly: "The tax court has exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination made by: (1) the department of state revenue with respect to a listed tax . . .; or (2) the Indiana board of tax review." Indiana Code § 33-26-3-1 (2004). In the act creating the Tax Court, the General Assembly reinforced this principle by repealing certain existing laws that directed appeals to general jurisdiction trial courts. *See* P.L. 291-1985 § 2, 1985 Ind. Acts 2282.

[17] Our Supreme Court recognized the breadth of this exclusive jurisdiction in *State v. Sproles*, 672 N.E.2d 1353 (Ind. 1996), and recently reiterated its earlier view:

> To give effect to the legislative purpose for the Tax Court, we held that a case "arises under" Indiana tax law if (1) "an Indiana tax statute creates the right of action," or (2) "the case principally involves collection of a tax or defenses to that collection."
>
> . . . .
>
> We have continued to interpret the Tax Court's "arises under" jurisdiction broadly within the framework established by *Sproles*. For example, any case challenging the collection of a tax or assessment arises under the tax laws, whether the challenge is premised on constitutional, statutory, or other grounds. *See, e.g.*, [*State ex rel. Atty. Gen. v.*]*Lake Superior Court*, 820 N.E.2d at 1247; *State Bd. of Tax Comm'rs v. Ispat Inland, Inc.*, 784 N.E.2d 477, 481 (Ind. 2003); *State v. Costa*, 732 N.E.2d 1224, 1224-25 (Ind. 2000); *State Bd. of Tax Comm'rs v. Montgomery*, 730 N.E.2d 680, 682-84 (Ind. 2000). And the challenge need not be to the collection

directly—challenges to earlier steps in the taxation or assessment process arise under the tax laws. *See, e.g., Lake Superior Court,* 820 N.E.2d at 1243-45 (challenging reassessment of property valuations on which property-tax calculation would be based); *Ispat Inland*, 784 N.E.2d at 479-80 (challenging audit conducted after taxes were paid because the audit might have resulted in a deficiency).

*State ex rel. Zoeller v. Aisin USA Manufacturing, Inc.*, 946 N.E.2d 1148, 1152-53 (Ind. 2011).

[18]    Here, Troyan and MT Management allege that the tax assessment is improper because the DOR is attempting to collect from them a tax obligation of another entity, "Mount Management." This claim clearly involves the challenge to a collection of a tax or assessment, which is within the exclusive jurisdiction of the Tax Court. "Resort to a court of general jurisdiction to challenge a tax is precluded by this grant of exclusive jurisdiction." *State ex rel. Ind. Dep't of Revenue v. Deaton*, 755 N.E.2d 568, 571 (Ind. 2001).

[19]    To be sure, when an unpaid tax assessment is reduced to judgment, a circuit or superior court acquires jurisdiction for the limited purpose of enforcing the judgment, *id.*, but Troyan and MT Management asked the Marion Superior Court for relief in excess of that limited power.

# Conclusion

[20]    The trial court may well have been right as a matter of injunction law, but we remand this matter for dismissal on jurisdictional grounds.

[21]    Remanded with instructions.

Baker, J., and Crone, J., concur.