**Leland H. STUMP, Claimant,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**Nos. 49T10–0012–TA–130, 49T10–0107–TA–55.**

Tax Court of Indiana.

Oct. 22, 2002.

Leland H. Stump, Fort Wayne, IN, Claimant Appearing Pro Se.

Steve Carter, Attorney General of Indiana, Robert B. Wente, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

The Claimant, Leland H. Stump, appeals two final determinations of the Indiana Department of State Revenue (Department), denying him a sales tax exemption for tax years 1999 and 2000. The matter is currently before the Court on the parties' cross-motions for summary judgment. The Court finds the following issue dispositive: whether Mr. Stump's purchases of two vans, which were modified for handicap-use, were exempt from sales tax under Indiana Code § 6-2.5-5-18?

## FACTS AND PROCEDURAL HISTORY

The material facts as they relate to these cross motions for summary judgment are undisputed. Mr. Stump, who resides in Fort Wayne, was injured in 1986 in a work-related accident. As a result of the accident, Mr. Stump had the lower part of both his legs amputated.

In 1999, after securing a prescription from his physician, Mr. Stump purchased a van and had it modified for handicap access and operation.[1] While he did not pay sales tax on the purchase of the handicap equipment installed in the van, he did pay $1,015 in sales tax on the purchase of the van itself. Mr. Stump subsequently filed a claim for refund with the Department, arguing that the purchase of the van was exempt from sales tax pursuant to Indiana

---

1. Mr. Stump purchased the van from a Ford dealer in northern Indiana. He then hired a company to install the customized equipment in it that would enable him to get in and out of the vehicle and to drive it without assistance from others.

Code § 6–2.5–5–18. On September 25, 2000, the Department denied Mr. Stump's claim. On December 27, 2000, Mr. Stump filed an original appeal with this Court.

On October 2, 2000, Mr. Stump purchased another handicap-modified van, again with a prescription from his physician. Mr. Stump did not pay any sales tax on the transaction. The Department subsequently issued a proposed notice of assessment to Mr. Stump, assessing him sales tax, penalties, and interest on the purchase of the van in the amount of $1,613.42. Mr. Stump protested the proposed assessment, again claiming the purchase of the van was exempt from sales tax under Indiana Code § 6–2.5–5–18. On January 12, 2001, the Department denied Mr. Stump's claim. Mr. Stump filed another appeal with this Court on July 5, 2001.

In May 2002, Mr. Stump filed a unified motion for summary judgment in both cases.[2] On July 8, 2002, the Department filed its motion for summary judgment. This Court held a hearing on the parties' cross motions on August 2, 2002. Additional facts will be supplied as necessary.

## ANALYSIS & OPINION

### Standard of Review

This Court reviews final determinations of the Department *de novo*. IND.CODE §§ 6–8.1–5–1(h), 6–8.1–9–1(d); *Salin Bancshares v. Indiana Dep't of State Revenue*, 744 N.E.2d 588, 591 (Ind. Tax Ct.2000). Accordingly, it is bound by neither the evidence nor the issues presented at the administrative level. IND.CODE § 6–8.1–9–1(d); *Salin Bancshares*, 744 N.E.2d at 591.

---

2. Both cases involve the same issue.

3. Mr. Stump argues that to allow the exemption on the special handicap equipment, and

A motion for summary judgment will be granted only when there is no genuine issue of material fact, and a party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Uniden Am. Corp. v. Indiana Dep't of State Revenue*, 718 N.E.2d 821, 824 (Ind. Tax Ct.1999). Cross motions for summary judgment do not alter this standard. *Salin Bancshares*, 744 N.E.2d at 591.

### Discussion

The sole issue in this case is whether Mr. Stump's purchases of two handicap-modified vans are exempt from sales tax under Indiana's medical equipment exemption, as set forth in Indiana Code § 6–2.5–5–18. Mr. Stump claims that the exemption applies not only to the special handicap equipment installed in the vans, but the vans as well.[3] The Department claims, on the other hand, that only the special handicap equipment falls within the ambit of the exemption.

Indiana Code § 6–2.5–5–18 provides, in relevant part:

Sales of artificial limbs, orthopedic devices, dental prosthetic devices, eyeglasses, contact lenses, and other medical equipment, supplies, and devices are exempt from the state gross retail tax, if the sales are prescribed by a person licensed to issue the prescription.

IND.CODE § 6–2.5–5–18(a). Thus, the first question this Court must answer is what constitutes "medical equipment, supplies, and devices" under Indiana Code § 6–2.5–5–18(a).

■ While Indiana's published case law is silent on the question, the Department's regulations provide that "[t]he term 'medical equipment, supplies, and devices' [as

---

not the van, "would be the same as having a wheelchair with no wheels." (Summ. J. Tr. at 42.)

used in Indiana Code § 6–2.5–5–18(a) ] are those items, the use of which is directly required to correct or alleviate injury to[,] malfunction of, or removal of a portion of the purchaser's body." IND. ADMIN. CODE tit. 45, r. 2.2–5–28(h). Because the Department's interpretation of the statutes it is charged with administering is entitled to judicial deference,[4] *Johnson County Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue*, 568 N.E.2d 578, 586 (Ind. Tax Ct.1991), the Court then arrives at its next question: was the purchase of Mr. Stump's vans "directly required to correct or alleviate the removal of" his legs?

When interpreting the Department's regulations, this Court applies the same rules of construction that apply to statutes. *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue*, 605 N.E.2d 1222, 1229 (Ind. Tax Ct.1992) (quotation omitted). Perhaps the most important, and elementary, of these rules of construction is the one that provides that "words are to be given their plain, ordinary, and usual meaning." *See Uniden*, 718 N.E.2d at 824. The plain, ordinary, and usual meaning of a word can be found in the dictionary. *See Johnson County*, 568 N.E.2d at 581. The word "directly," as it is used in Indiana Administrative Code title 45, rule 2.2–5–28(h), is defined as: "without any intervening agency or instrumentality or determining influence: without any intermediate step." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 641 (1981). Mr. Stump's van does not fit within this definition in the context of the regulation.

There is nothing inherently healing or remedial about a van that would make it appropriate only for handicapped people; indeed, vans are driven everyday by handicapped and non-handicapped people alike. Thus, the van itself does not have any direct alleviating effect on Mr. Stump's condition. Rather, it is the special handicap equipment, installed in the vans, which directly alleviates Mr. Stump's condition; without that equipment, Mr. Stump could not drive, let alone get in and out of the vans. It is that special handicap equipment which enables Mr. Stump to continue to drive, despite his disability. Accordingly, it is the special handicap equipment installed in Mr. Stump's vans that is exempt from sales tax under Indiana Code § 6–2.5–5–18(a), not the van itself.

Nevertheless, Mr. Stump asks this Court to take into consideration the fact that, in years past, his insurance carrier, who had been responsible for purchasing the vans for him, was never assessed sales tax on either the van or the special equipment. Furthermore, Mr. Stump states that before he purchased the second van at issue in this appeal, he contacted both the Indiana Attorney General's Office and the local BMV and received assurances from each that the transaction would be exempt from sales tax under Indiana Code § 6–2.5–5–18(a).[5] (Pet'r Motion for Summ. J. at 4–5.)

First, with respect to the claim that his insurance carrier never paid sales tax on previous purchases of handicap-modified vans, the Court notes that Indiana

---

4. Regulations that represent an incorrect statement of law, however, are entitled to no weight. *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue*, 605 N.E.2d 1222, 1231 n. 8 (Ind. Tax Ct.1992) (quotation omitted). That, however, is not the case with Indiana Administrative Code title 45, rule 2.2–5–28(h).

5. Mr. Stump even states that he received a "tax exempt transaction form" from the BMV. Mr. Stump then presented the form to the dealer from whom he purchased the van, and the dealer processed the sale as tax exempt.

businesses often obtain sales tax exemption certificates under Indiana Code § 6–2.5–8–8 and then later pay a self-assessed use tax equal to, and in lieu of, the applicable sales tax. *See* IND. ADMIN. CODE tit. 45, r. 2.2–3–15. Because exemption statutes are strictly construed against taxpayers, Mr. Stump bore the burden of proving that the insurance carrier never paid any tax, sales or use, on the transaction. *See Harlan Sprague Dawley*, 605 N.E.2d at 1225. Mr. Stump, however, did not offer any proof to support that proposition.[6]

██ Second, Mr. Stump's claim that he should receive the exemption because both the BMV and the Attorney General's office had each assured him that his purchase of the second van was exempt is without merit, as neither one of these entities had that authority. Rather, the authority to grant a sales tax exemption rests with the Department, which has the responsibility "for the administration, collection, and enforcement" of Indiana's sales tax. IND.CODE

§ 6–8.1–3–1(a). Thus, Mr. Stump's reliance with the BMV and the Attorney General's office is misplaced.

## Conclusion

For the foregoing reasons, this Court hereby DENIES Mr. Stump's motion for summary judgment, and GRANTS the Department's motion for summary judgment. The parties shall bear their own costs.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be and is entered in favor of the Department and against Leland H. Stump.

SO ORDERED this 22nd day of October, 2002.

---

**6.** Even if Mr. Stump did present that evidence, the Department posits that it could have made an error, administrative or otherwise, in granting that one exemption, and that one error does not necessarily rise to the level of discrimination. (Summ. J. Tr. at 39.)