Gary M. NEWBY, Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 49T10–9911–TA–215.

Tax Court of Indiana.

April 27, 2005.

Karen A. Wyle, Attorney at Law, Bloomington, IN, Paul J. Watts, Attorney at Law, Spencer, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, John D. Snethen, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Gary M. Newby (Newby) appeals the final determination of the Indiana Department of State Revenue (Department) assessing him with controlled substance excise tax (CSET). The matter is before the Court on Newby's motion for summary judgment. The issues before the Court are: (1) whether double jeopardy precludes the Department's assessment of CSET against Newby; and (2) whether the imposition of CSET violates the provisions of Newby's plea agreement with the State of Indiana.[1] For the following reasons, the Court DENIES Newby's motion for summary judgment.

### FACTS AND PROCEDURAL HISTORY

On May 6, 1997, Newby was arrested after law enforcement officers, who were executing a search warrant, seized various controlled substances from Newby's residence. Newby was charged with several criminal offenses, including possession of the substances and maintaining a common nuisance. On October 30, 1998, the Indiana Court of Appeals determined that the search warrant was invalid and, as a result, all evidence seized (i.e. the substances) was inadmissible. *Newby v. State,* 701 N.E.2d 593, 604 (Ind.Ct.App. 1998). Newby subsequently entered into a plea agreement with the State, whereby he agreed to plead guilty to maintaining a common nuisance, and forfeit all monies and illegal property seized pursuant to the

---

1. Newby also argues that the exclusionary rule bars the use of illegally seized controlled substances in the CSET assessment proceedings. Nevertheless, the Indiana Supreme Court recently held that while the exclusionary rule bars the use of illegally obtained evidence in criminal proceedings, it does not apply to tax assessment proceedings. *See* *State, Dep't of State Revenue v. Adams,* 762 N.E.2d 728, 730–731 (Ind.2002) (holding that the purpose of the exclusionary rule—the deterrence of police misconduct—is not served by applying the rule to CSET assessment proceedings). Based on *Adams,* the Court finds that the exclusionary rule does not apply in this case. *See id.*

arrest. In exchange, the State agreed to dismiss all other pending criminal charges and seek no further fines or forfeitures. On February 12, 1999, the plea was accepted and Newby was sentenced consistent with the terms of the agreement.

On April 20, 1999, the Department assessed the CSET, including penalties and fees, in the amount of $871,437.50 against Newby.[2] Newby protested the imposition of the CSET, and the Department issued a Letter of Findings on August 23, 1999, upholding the assessment. Newby filed an original tax appeal on November 30, 1999, and filed a motion for summary judgment on May 15, 2000. The Court conducted a hearing on October 25, 2002. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *See also Salin Bancshares, Inc. v. Indiana Dep't of Revenue*, 744 N.E.2d 588, 591 (Ind. Tax Ct.2000). "When any party has moved for summary judgment, the [C]ourt may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." T.R. 56(B).

### Discussion

#### (1) Double Jeopardy

Newby contends that his CSET assessment violates the Double Jeopardy Clause of the United States and Indiana Constitutions and is therefore invalid. (*See* Pet'r

Mot. for Summ. J. and Mem. of Law (hereinafter, Pet'r Mem.) at 6.) *See also* U.S. Const. amend. V; Ind. Const. art. I, § 14 ("No person shall be put in jeopardy twice for the same offense"). More specifically, Newby claims that because the criminal charges of maintaining a common nuisance and possession of controlled substances are the same offense, the CSET assessment, which is based on Newby's possession of controlled substances, constitutes a second jeopardy. (*See* Pet'r Mem. at 6–8.) The Court disagrees.

■ Under a federal double jeopardy analysis, the determination of whether two offenses are the same is dictated by the statutory elements test. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Therefore, the Court must decide whether each statutory offense requires proof of a fact that the other does not. *See id.* The Indiana double jeopardy analysis requires the consideration of both the statutory elements test and the actual evidence test to determine whether the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson v. State*, 717 N.E.2d 32, 49–50 (Ind.1999). As Newby's claim arises under both the federal and state constitutions, the Court will apply both tests to the facts.

#### a. The Statutory Elements Test

■ Newby argues the two offenses are the same because possession is also used to establish the essential elements of maintaining a common nuisance. (*See* Pet'r Reply Br. at 4.)

2. An assessment of $413,835.01 was based on 913.68 grams of cocaine and/or liquid morphine, 22 morphine tablets, 212 Schedule IV tablets, and 106,333.66 grams of marijuana. (*See* Joint Stipulations at Ex. G.) In addition to the tax, the assessment included interest totaling $2,380.98, a 100% penalty of $413,835.01, a collection fee of $41,383.50, and a clerk cost of $3.00. (*See* Joint Stipulations at Ex. D.)

Under the statutory elements test, however, the Court reaches a different result. Indiana Code § 6–7–3–5 states that the "[CSET] is imposed on controlled substances that are[ ] delivered[,] possessed[,] or manufactured[ ] in Indiana in violation of IC 35–48–4 or 21 U.S.C. 841 through 21 U.S.C. 852." IND.CODE ANN. § 6–7–3–5 (West 1999). Indiana Code § 35–48–4–7 states "[a] person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses a controlled substance (pure or adulterated) classified in schedule I, II, III, or IV, except marijuana or hashish, commits possession of a controlled substance[.]" IND. CODE ANN. § 35–48–4–7 (West 1999) (amended 2001). Indiana Code § 35–48–4–11(1) states "[a] person who[ ] knowingly or intentionally possesses (pure or adulterated) marijuana, hash oil, or hashish[ ] commits possession of marijuana, hash oil, or hashish[.]" IND.CODE ANN. § 35–48–4–11 (West 1999). Accordingly, the element of possession establishes the essential elements for the imposition of the CSET. *See Garcia v. State*, 686 N.E.2d 883, 885 (Ind. Ct.App.1997) (assessment of CSET did not require proof of any additional facts other than the element of possession).

On the other hand, the element of possession is not required to establish the essential elements of maintaining a common nuisance. Indeed, Indiana Code § 35–48–4–13(b) states:

A person who knowingly or intentionally maintains a building, structure, vehicle, or other place that is used one (1) or more times:

(1) by persons to unlawfully use controlled substances; or

(2) for unlawfully:

 (A) keeping;

 (B) offering for sale;

 (C) selling;

(D) delivering; or

(E) financing the delivery of;

controlled substances, or items of drug paraphernalia as described in IC 35–48–4–8.5; commits maintaining a common nuisance[.]

IND.CODE ANN. § 35–48–4–13 (West 1999) (amended 2001). Hence, a person may commit maintaining a common nuisance without having possessed controlled substances. *See Sayre v. State*, 471 N.E.2d 708, 717 (Ind.Ct.App.1984) (offense of maintaining a common nuisance did not require proof that defendant possessed controlled substance). Similarly, maintaining a common nuisance is not an element of the offense of possession. *See Riding v. State*, 527 N.E.2d 185, 189 (Ind.Ct.App. 1988) (stating that convictions for possession and maintaining a common nuisance required proof of an additional fact which the other did not). As a result, the two offenses are not the same under the statutory elements test.

b. The Actual Evidence Test

 Under the actual evidence test, the Court must consider the evidence presented at trial to determine whether each challenged offense was established by separate and distinct facts. *See Richardson*, 717 N.E.2d at 53. Nevertheless, the test is inapplicable in this case because Newby pled guilty to maintaining a common nuisance and no trial took place. *See id.* at 49. (stating that in applying the actual evidence test, a court reviews actual evidence presented at trial when available).

 Maintaining a common nuisance and possession do not constitute the same offense. Furthermore, while the CSET assessment is a punishment for possession, it is Newby's only jeopardy for possession

of the controlled substances.[3] *See Hall v. Indiana Dep't of State Revenue*, 660 N.E.2d 319, 321 (Ind.1995) (CSET was taxpayer's only jeopardy where she was subject to neither criminal prosecution or punishment) (footnote added). As a result, no double jeopardy violation exists.

### (2) Violation of the Plea Agreement

■ Newby also claims the imposition of CSET violates the terms of his plea agreement, because it constitutes an additional punishment. Newby argues specifically that "[a]ny 'substantial obligation of a punitive nature is indeed a part of the sentence and penalty and must be specified in the plea agreement.'" (Pet'r Mem. at 11 (*quoting Disney v. State*, 441 N.E.2d 489, 494 (Ind.Ct.App.1982).)) Therefore, Newby contends that because the prosecutor did not include the CSET in his plea agreement, the Department cannot subsequently impose the tax. (*See* Pet'r Mem. at 10–14.) Again, the Court disagrees.

Indiana Code § 6–7–3–20 states, "[t]he [CSET is] intended to be *in addition* to any criminal penalties under IC 35–48–4 and forfeitures under IC 16–42–20, IC 34–24–1, or IC 34–24–2 (or IC 34–4–30.1 or IC 34–4–30.5 before their repeal)." IND.CODE ANN. § 6–7–3–20 (West 1999) (emphasis added). Hence, CSET was properly imposed in addition to the criminal penalties

and forfeitures delineated in the plea agreement.[4]

### CONCLUSION

For these reasons, the Court DENIES Newby's motion for summary judgment. Instead, summary judgment is GRANTED in favor of the Department.

---

**3.** In the alternative, Newby argues that the CSET assessment is a second jeopardy for the dismissed charges of possession. (*See* Pet'r Mem. at 8–9.) Newby suggests the dismissal of the possession charges constitutes a final disposition resulting in a first jeopardy. (*See* Pet'r Mem. at 8–9.) This argument also fails.

"The Double Jeopardy Clause [ ] refers to the risk that a person will, for a second time, be convicted of the same offense." *Bryant v. State*, 660 N.E.2d 290, 299 (Ind.1995) (citation omitted). Jeopardy attaches where there is a risk of a determination of guilt. *See id.* Since the possession charges brought against Newby were dismissed, he did not face the

required risk prior to the CSET assessment. *See Hall v. Indiana Dep't of State Revenue*, 660 N.E.2d 319, 321 (Ind.1995).

**4.** Furthermore, the prosecutor, acting in his criminal law enforcement capacity, does not have the power to bind the rights of the Department. *See, e.g., Stump v. Indiana Dep't of State Revenue*, 777 N.E.2d 799, 803 (Ind. Tax Ct.2002) (where the actions of two state agencies did not impact the rights and responsibilities the Department). Consequently, the Department's right to assess CSET was not precluded by the plea agreement.