Virginia GARWOOD, Petitioner,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Respondent.

No. 82T10–1208–TA–46.

Tax Court of Indiana.

Oct. 31, 2013.

Stacy K. Newton, Rudolph, Fine, Porter & Johnson, LLP, Evansville, IN, Attorney for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, Thomas D. Cameron, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S
## MOTION TO DISMISS

FISHER, Senior Judge.

Virginia Garwood has filed her second appeal with this Court. The Indiana Department of State Revenue has moved to dismiss her appeal, claiming that the Court lacks subject matter jurisdiction and that the same action is pending in the Harrison Circuit Court. The Court, finding the subject matter jurisdiction issue dispositive, denies the Department's Motion to Dismiss.[1]

## FACTS AND PROCEDURAL
## HISTORY

The events giving rise to Garwood's second appeal began on June 2, 2009, when the Department served Garwood and her daughter, Kristen, with several jeopardy tax assessments. The jeopardy tax assessments provided that Garwood and Kristen owed over $250,000 in sales tax, interest, and penalties on their sales of dogs for the January 1, 2007 through April 30, 2009 tax period. After Garwood and her daughter indicated that they could not immediately pay the liability, the Department seized all 240 dogs on their premises pursuant to jeopardy tax warrants.[2]

On June 3, 2009, the Department sold all 240 of the seized dogs to the U.S. Humane Society for a total of $300.00. The Department subsequently applied $175.48 to Garwood's purported tax liability.

On June 29, 2009, after completing the administrative protest process, Garwood filed her first appeal with this Court. The Department moved to dismiss that appeal on the basis that the Court lacked subject matter jurisdiction and that the same action was pending in the Harrison Circuit Court. This Court denied that motion. *See generally Garwood v. Indiana Dep't of State Revenue (Garwood I)*, 939 N.E.2d 1150 (Ind. Tax Ct.2010).

On May 16, 2011, Garwood filed with the Harrison Circuit Court a Verified Complaint for Damages alleging, among other things, that the Department had violated her constitutionally guaranteed due process and equal protection rights in issuing and administering the jeopardy tax assessments and warrants. (*See* Resp't Des'g Evid., Vol. 1, Ex. 2 ¶¶ 1–58.) Given the alleged harm, Garwood requested that a jury award her actual, general, special, compensatory, and punitive damages as well as court costs and attorney fees. (Resp't Des'g Evid., Vol. 1, Ex. 2 at 11, 12, 16.)

On August 19, 2011, this Court affirmed its holding in *Garwood I* and determined that the jeopardy assessments were void as a matter of law because they were not issued in accordance with Indiana Code § 6–8.1–5–3.[3] *See Garwood v. Indiana*

---

1. The Department has designated certain evidence as confidential; therefore, the Court's order will provide only that information necessary for the reader to understand its disposition of the issues presented. *See generally* Ind. Administrative Rule 9.

2. In addition, $1,260 in cash and un-cashed checks totaling $1,325 were seized pursuant to a search warrant issued by the Marion Superior Court.

3. Indiana Code § 6–8.1–5–3 authorizes the Department to issue jeopardy tax assessments if it "finds that a person owing taxes intends to quickly leave the state, remove his property from the state, conceal his property in the state, or do any other act that would jeopardize the collection of those taxes[.]" IND.CODE § 6–8.1–5–3(a) (2013). The statute further states that the Department "may declare the person's tax period at an end, may immediately make an assessment for the taxes owing, and may demand immediate payment of the amount due, without providing the notice required in IC § 6–8.1–8–2." I.C. § 6–8.1–5–3(a). Lastly, the statute provides that if the

*Dep't of State Revenue,* 953 N.E.2d 682, 683 n. 3, 687–90 (Ind. Tax Ct.2011) (*Garwood II* ), *review denied.* Nonetheless, the Court noted that the Department could still pursue other tax collection methods with respect to Garwood's purported tax liability. *See id.* at 690 n. 16.

On August 29, 2011, Garwood filed a one-page written document with the Department requesting a refund of $122,684.50. (*See* Pet'r Pet. ¶ 3, Ex. A at 3.) While that claim was pending, the Department filed with the Indiana Supreme Court a Petition for Review of *Garwood II.* (*See generally* Pet'r Resp. Resp't Mot. Dismiss ("Pet'r Resp. Br."), Ex. H.) The Indiana Supreme Court granted the Department's Petition for Review; five days after oral argument, however, the Supreme Court vacated its order granting review because it had been "improvidently" granted. *Indiana Dep't of State Revenue v. Garwood,* 966 N.E.2d 1258, 1258 (Ind.2012).

On May 29, 2012, the Department sent a letter to Garwood informing her that she would "be receiving a check from the Indiana Department of Revenue in the amount of $175.48" because she overpaid sales tax for the 2007 and a portion of the 2009 tax periods. (*See* Pet'r Pet., Ex. B at 1.) Garwood received the check at some point in June 2012. (Pet'r Pet. ¶ 9.) The next month, the Department issued several proposed assessments to Garwood, providing that she owed nearly $60,000 in sales

tax, interest, and penalties for the January 1, 2007 through June 30, 2009 tax period. (*See* Resp't Des'g Evid., Vol. 2, Ex. 5 at 1–7, Ex. 6 at 1.) One of the proposed assessments, however, provided that the Department had already refunded $150 to Garwood for the 2007 tax period. (Resp't Des'g Evid., Vol. 2, Ex. 5 at 1.) Garwood protested the proposed assessments; although the Department has held an administrative hearing on her protest, it has not issued a final determination thereon. (*See* Resp't Des'g Evid., Vol.2, Ex. 6 at 1; Hr'g Tr. at 14.)

On August 27, 2012, Garwood filed her second appeal with this Court, claiming that the Department has failed to rule on the claim that she filed with the Department on August 29, 2011. (*See* Pet'r Pet. ¶¶ 3–4, 9.) On June 13, 2013, the Department filed a Motion to Dismiss, which this order addresses.[4] The Court held a hearing on September 26, 2013. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

When ruling on a motion to dismiss for lack of subject matter jurisdiction, this Court may consider the petition, the motion, and any supporting affidavits or evidence. *See GKN Co. v. Magness,* 744 N.E.2d 397, 400 (Ind.2001); *Borgman v. State Farm Ins. Co.,* 713 N.E.2d 851, 854 (Ind.Ct.App.1999), *trans. denied.* Furthermore, the Court may weigh the evidence to determine the existence of

---

person fails to make immediate payment, the Department "may issue … a jeopardy tax warrant against the person and, either without or with the assistance of the sheriffs of any counties in the state, may levy on and sell the person's property which is located in those counties." I.C. § 6–8.1–5–3(c).

4. The Department has also asked the Court to strike an exhibit attached to Garwood's response brief, claiming the exhibit is improperly before the Court because Garwood intends

to introduce it at trial, she has not laid a proper foundation for its admittance, and it constitutes hearsay. (*See* Resp't Mot. Strike Pet'r Exs. D & E at 1–2.) (*See also* Hr'g Tr. at 6–7 (withdrawing the Motion to Strike with respect to Exhibit E).) The Court, however, finds that the Department's Motion to Strike and Garwood's exhibit are moot because neither concerns matters that are germane to the issue at hand.

requisite jurisdictional facts, resolve factual disputes, and devise procedures to ferret out the facts pertinent to jurisdiction. *See GKN Co.,* 744 N.E.2d at 400; *Borgman,* 713 N.E.2d at 854.

## LAW

■ Subject matter jurisdiction, the power of a court to hear and determine a particular class of cases, can only be conferred upon a court by the Indiana Constitution or by statute. *See K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006); *State v. Sproles,* 672 N.E.2d 1353, 1356 (Ind.1996). The Tax Court has exclusive subject matter jurisdiction over "original tax appeals" and its territorial jurisdiction spans the entire state. IND.CODE §§ 33–26–3–1, –3 (2013); Ind. Tax Court Rule 13.

■ A case is an original tax appeal if it: 1) "arises under the tax laws of Indiana" and 2) "is an initial appeal of a final determination" made by the Department. I.C. § 33–26–3–1. With respect to the first requirement, a case arises under Indiana's tax laws "if (1) 'an Indiana tax statute creates the right of action,' or (2) 'the case principally involves collection of a tax or defenses to that collection.' " *State ex rel. Zoeller v. Aisin USA Mfg., Inc.,* 946 N.E.2d 1148, 1152 (Ind.2011) (*quoting Sproles,* 672 N.E.2d at 1357). The second requirement, that a case be an initial appeal of the Department's final determination, embodies the exhaustion of administrative remedies requirement. *See State Bd. of Tax Comm'rs v. Ispat Inland, Inc.,* 784 N.E.2d 477, 482 (Ind.2003). In certain instances, therefore, the lack of a final determination from the Department, which is equivalent to the failure to exhaust administrative remedies, deprives the Court of subject matter jurisdiction in a case. *See State ex rel. Att'y Gen. v. Lake Super. Ct.,* 820 N.E.2d 1240, 1247 (Ind.2005) (citation omitted); *Ispat Inland,* 784 N.E.2d at 482.

## ANALYSIS

### I. The Arising Under Requirement

The Department contends that the Court does not have subject matter jurisdiction over Garwood's case because it does not satisfy the "arising under" requirement of Indiana Code § 33–26–3–1. More specifically, the Department contends that Garwood's case does not arise under Indiana's tax laws for two reasons. First, it claims that Garwood's case is not a "valid" refund claim under Indiana Code § 6–8.1–9–1. (*See* Confd'l Mem. Supp. Resp't Mot. Dismiss (hereinafter, "Resp't Br.") at 6–8.) The Department explains that Garwood's case, unlike a case involving a "valid" refund claim, is not based on what she actually paid toward her tax liability by using a method described in Indiana Code § 6–8.1–8–1[5] (*i.e.,* $175.48), but is instead based on a purported tax payment derived from the appraised value of her animal inventory (*i.e.,* $122,650). (*See* Resp't Br. at 7–8; Resp't Confd'l Reply Supp. Resp't Mot. Dismiss (hereinafter "Resp't Reply Br.") at 2–3, 5 (footnote added).) Second, the Department maintains that Garwood's case does not arise under Indiana's tax laws because it does not involve the collection of a tax or defenses to that collection pursuant to the Indiana Supreme Court's decision in *Aisin,* but rather seeks to recover monies that allegedly were not paid or credited to her

---

5. Indiana Code § 6–8.1–8–1 provides, in relevant part, that "[a] person may make a tax payment: (1) in cash; (2) by bank draft; (3) by check; (4) by cashier's check; (5) by money order; (6) by credit card, debit card, charge card, or similar method; or (7) if approved by the [D]epartment, by an electronic fund transfer[.]" IND.CODE § 6–8.1–8–1(a) (2013).

by mistake. (*See* Resp't Br. at 8–9 (*citing Aisin,* 946 N.E.2d at 1155); Resp't Reply Br. at 4–5.) As such, the Department maintains that Garwood's case involves a claim for compensatory damages, not a refund of sales tax. The Court, however, is not persuaded by either of these arguments.

■ Indiana Code § 6–8.1–9–1 provides, in relevant part, "[i]f a person has paid more tax than the person determines is legally due for a particular taxable period, the person may file a claim for a refund with the department." IND.CODE § 6–8.1–9–1(a) (2012). The claim must be filed within three years of the date of payment and "must set forth the amount of the refund to which the person is entitled and the reasons that the person is entitled to the refund." I.C. § 6–8.1–9–1(a). Here, the facts show that just over a week after the Court issued *Garwood II,* Garwood filed with the Department a completed Form GA–110L, its prescribed form for claims for refund. (*See* Pet'r Pet. ¶ 3; Ex. A at 3.) The document provided that Garwood made a tax payment on June 2, 2009, stated the amount of refund requested, and explained why she believed she was entitled to a refund:

> Jeopardy assessments were issued against me for sales taxes purportedly owed. On June 2, 2009 my personal property (dogs and puppies) were seized from my home and farm. We followed the appeals process and the Indiana Tax Court has held that the jeopardy assessments are void and ordered the Indiana Dept. of Revenue to take all actions necessary to effect the order. I am attaching an appraisal of the value of my property as well as the decision of the Indiana Tax Court. My dogs were appraised at $122,650.00. I calculate my actual sales tax due as $1217.00 for 2008 and $1333.50 for 2009. In addition to

> taking the dogs the Department took $1260 in cash and uncashed checks totaling $1325. Subtracting what I owed from what was seized I am owed a refund of $122,684.50.

(Pet'r Pet., Ex. A at 3.) Thus, Garwood's filing of the Form GA–110L complied with the requirements of Indiana Code § 6–8.1–9–1.

Furthermore, and as acknowledged by the Department, Garwood did everything the Department indicated that she needed to do. Indeed, the facts reveal that during Garwood's first appeal, the Department repeatedly argued that she was required to file a refund claim under Indiana Code § 6–8.1–9–1 to obtain any relief whatsoever. For example, during the hearing on the *Garwood I* motion to dismiss, the Department asserted that because Indiana is a "pay-to-play" state, Garwood needed to pay the jeopardy assessments in their entirety and then file a refund claim to satisfy the exhaustion of administrative remedies requirement. (*See* Pet'r Resp. Br. Ex. G at 14–19.) Then, in moving for summary judgment in *Garwood II,* the Department stated: "The Petitioners can avail themselves of Ind.Code § 6–8.1–9–1 and file a claim for refund of amounts either *seized by* or paid to the Department." (*See* Pet'r Resp. Br. Ex. F at 24 (emphasis added).) Moreover, in petitioning the Indiana Supreme Court to review *Garwood II,* the Department acknowledged that Garwood had already filed a refund claim:

> Indiana's refund remedy provides meaningful backward-looking relief to rectify any erroneous, unlawful, or unconstitutional tax collection. It does so by providing a fair opportunity to challenge the accuracy and legal validity of a tax obligation, both administratively and judicially. It provides the clear and certain remedy of a refund with interest if the

taxes are found to have been collected erroneously, unlawfully, or unconstitutionally. This remedy has been available to the Garwoods since the day their inventory was levied. *They have, until the past month, intentionally avoided this remedy.*

(*See* Pet'r Resp. Br. Ex. H at 36 (emphasis added).) (*See also* Pet'r Pet. at 2, Ex. B at 1; Resp't Des'g Evid., Vol. 2, Ex. 5 at 1 (demonstrating that the Department issued a check to Garwood in June 2012 and, on two separate occasions, indicated the "refund" was for her overpayment of sales tax for the 2007 tax period).) Based on the totality of these jurisdictional facts, the Court finds that Garwood's case "arises under Indiana's tax laws": she filed a refund claim with the Department on August 29, 2011, pursuant to Indiana Code § 6–8.1–9–1 and now seeks to have the validity of her claim resolved by this Court.

■ Second, the General Assembly created this Court "to channel tax disputes into a single specialized tribunal, thereby ensuring the uniform interpretation and application of the tax laws." *Aisin*, 946 N.E.2d at 1152 (citation omitted). To that end, the Indiana Supreme Court has explained that the "arising under Indiana's tax law" requirement is to be broadly construed. *See id.* at 1153; *Sproles*, 672 N.E.2d at 1357. Indeed, "any case challenging the collection of a tax or assessment arises under the tax laws, whether the challenge is premised on constitutional, statutory, or other grounds." *Aisin*, 946 N.E.2d at 1153 (citations omitted). Moreover, the challenge need not directly involve the collection of a tax—*challenges to earlier steps in the taxation or assessment process also arise under the tax laws. Id.*

Here, the parties do not dispute that the Department employed the jeopardy assessment procedure under Indiana Code § 6–8.1–5–3 in seizing and selling Garwood's animal inventory. Thus, Garwood's case concerns the sale of seized property pursuant to jeopardy tax warrants, a tax matter. Moreover, the resolution of Garwood's appeal will require the Court to determine whether other tax statutes apply to the jeopardy tax collection process. (*Compare* Pet'r Resp. Br. at 3–4 (where Garwood argues that the procedures in Indiana Code § 6–8.1–8–8 apply to sales conducted pursuant to jeopardy tax warrants) *with* Resp't Br. at 4–5 (where the Department argues that Indiana Code § 6–8.1–8–1 provides the exclusive method by which a tax payment can be made).) *See also supra* note 3; 45 IND. ADMIN. CODE 15–5–8 (2013) (see http://www.in.gov/legislative/iac/) (the jeopardy tax statute and regulation do not shed any light on either position). Consequently, the Court finds that these factors also indicate that Garwood's case satisfies the "arising under Indiana tax law" requirement of Indiana Code § 33–26–3–1.[6]

## II. The Final Determination Requirement

■ With respect to the final determination requirement in Indiana Code § 33–26–3–1, Indiana Code § 6–8.1–9–1 accounts for the possibility that the Department may not rule on a claim for refund within 180 days of its filing by deeming such claims denied. *See* I.C. § 6–8.1–9–1(c)(2) (barring the Court from hearing a refund appeal suit if it "is filed both before the [department's] decision is issued and before the one hundred eight-first day after the date the person files the claim for refund with the department"); *Ziegler v. Indiana Dep't of State Revenue*, 797

6. Furthermore, the Court notes that Garwood's sales tax liability for the January 1, 2007 through June 30, 2009 tax period remains unsettled. *See supra* at p. 4.

N.E.2d 881 n. 2 (Ind. Tax Ct.2003). Here, there is no dispute that Garwood filed her second appeal with this Court more than 180 days after she filed her refund claim with the Department.[7] (*See* Resp't Reply Br. at 2 ("It is certainly true that the Department did not rule on Garwood's request for more than 181 days after it was filed").) As a result, Garwood has also satisfied the final determination or exhaustion of administrative remedies requirement of Indiana Code § 33–26–3–1.

### ORDER

The Court, having found that Garwood's case satisfies the jurisdictional prerequisites of Indiana Code § 33–26–3–1, DENIES the Department's Motion to Dismiss in its entirety. Accordingly, the Court now LIFTS the stay granted on August 2, 2013.

SO ORDERED this 31st day of October 2013.

---

[7] Even if the Court found the Department's May 29, 2012 letter was a final determination denying a portion of Garwood's refund claim, the Court would still have subject matter jurisdiction over her case. *See* IND.CODE § 6–8.1–9–1(c)(1)(A) (2012) (stating that Garwood must appeal the denial of her refund claim within 90 days of May 29, 2012).