ATTORNEY FOR PETITIONER:
**STACY K. NEWTON**
JACKSON KELLY, PLLC
Evansville, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**JOHN P. LOWREY**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**

Dec 31 2014, 1:44 pm

**CLERK**
of the supreme court,
court of appeals and
tax court

| | | |
|---|---|---|
| VIRGINIA GARWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 82T10-1208-TA-46 |
| | ) | |
| INDIANA DEPARTMENT OF STATE REVENUE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

**FOR PUBLICATION**
**December 31, 2014**

FISHER, Senior Judge

Virginia Garwood has filed her second appeal with this Court, seeking a refund of over $100,000 from the Indiana Department of State Revenue.[1] The matter, currently before the Court on the Department's motion for summary judgment, concerns whether the Department properly denied a portion of Garwood's refund claim. The Court finds

---

[1] On three separate occasions, the Court has discussed the facts and the procedural history related to this appeal. See Garwood v. Indiana Dep't of State Revenue (Garwood I), 939 N.E.2d 1150 (Ind. Tax Ct. 2010); Garwood v. Indiana Dep't of State Revenue (Garwood II), 953 N.E.2d 682 (Ind. Tax Ct. 2011), review denied; Garwood v. Indiana Dep't of State Revenue (Garwood III), 998 N.E.2d 314 (Ind. Tax Ct. 2013). Accordingly, the Court will not restate the facts and the procedural history in full a fourth time, but rather will present an abbreviated version of them for purposes of this matter.

that the Department's denial was not proper as a matter of law.[2]

## FACTS AND PROCEDURAL HISTORY

The following facts are not in dispute. On June 2, 2009, the Department served Garwood with several jeopardy tax assessments which provided that she owed approximately $125,000 in sales tax, penalties, and interest on her sales of dogs for the January 1, 2007 through April 30, 2009 tax period. When Garwood indicated that she could not pay the liability, the Department seized 240 of her dogs pursuant to several jeopardy tax warrants. The Department also seized $1,260 in cash and $1,325 in uncashed checks pursuant to a search warrant issued by the Superior Court of Marion County.

On June 3, 2009, the Department sold all 240 of the seized dogs to the U.S. Humane Society for a total of $300.00. (See Pet'r Des'g Evid. Supp. Pet'r Resp. Opp'n Resp't Mot. Summ. J., Ex. C.) The Department subsequently applied half of the proceeds from that sale to Garwood's purported tax liability.[3] The Department, however, did not apply the seized cash or checks to Garwood's purported tax liability. (See Resp't Confd'l Des'g Evid., Ex. 3.) Several months later, Garwood remitted $25.48 to the Department for her purported tax liability, and the Department applied the payment to her outstanding balance.

On June 29, 2009, Garwood filed her first appeal with this Court challenging the validity of the jeopardy tax assessments. See Garwood v. Indiana Dep't of State

---

[2] Portions of the designated evidence are confidential; therefore, this order will only provide the information necessary for the reader to understand its disposition of the issues presented. See generally Ind. Administrative Rule 9.

[3] Because the Department had also issued jeopardy tax assessments to Garwood's daughter on June 2, 2009, it applied the other half of the proceeds from the sale of the dogs to her purported sales tax liability. See Garwood III, 998 N.E.2d at 316.

Revenue (Garwood I), 939 N.E.2d 1150 (Ind. Tax Ct. 2010) (order denying the Department's motion to dismiss for lack of subject matter jurisdiction). On August 19, 2011, the Court held that the jeopardy tax assessments were void as a matter of law because they were not issued in accordance with Indiana Code § 6-8.1-5-3. See Garwood v. Indiana Dep't of State Revenue (Garwood II), 953 N.E.2d 682 (Ind. Tax Ct. 2011), review denied.

On August 29, 2011, Garwood filed a refund claim with the Department that provided, in part:

> I am attaching an appraisal of the value of my property as well as the decision of the Indiana Tax Court. My dogs were appraised at $122,650.00. I calculate my actual sales tax due as $1217.00 for 2008 and $1333.50 for 2009. In addition to taking the dogs[,] the Department took $1260 in cash and uncashed checks totaling $1325. Subtracting what I owed from what was seized[,] I am owed a refund of $122,684.50.

(Resp't Des'g Evid., Ex. 4 at Ex. A at 3.) In June 2012, the Department issued a check to Garwood in the amount of $175.48. The Department subsequently issued a second check to Garwood to compensate her for its seizure of $1,260 in cash and $1,325 in uncashed checks. (See Resp't Des'g Evid., Exs. 1-2.)

On August 27, 2012, Garwood initiated this appeal, challenging the Department's partial denial of her refund claim. (See Resp't Des'g Evid., Ex. 4.) Nearly a year later, the Department unsuccessfully moved to dismiss Garwood's appeal on the basis that the Court lacked subject matter jurisdiction. See Garwood v. Indiana Dep't of State Revenue (Garwood III), 998 N.E.2d 314 (Ind. Tax Ct. 2013). On December 2, 2013, after its motion to reconsider was denied, the Department requested that the Court certify Garwood III for interlocutory appeal. The Court denied the Department's request

3

on December 20, 2013.  On June 3, 2014, the Department filed a Motion for Summary Judgment.  The Court held a hearing on December 5, 2014.  Additional facts will be supplied as necessary.

**STANDARD OF REVIEW**

Summary judgment is proper only when the designated evidence demonstrates that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  Ind. Trial Rule 56(C).  When reviewing a motion for summary judgment, the Court will construe all properly asserted facts and reasonable inferences drawn therefrom in favor of the non-moving party.  See Scott Oil Co. v. Indiana Dep't of State Revenue, 584 N.E.2d 1127, 1128-29 (Ind. Tax Ct. 1992).

**ANALYSIS**

The Department contends that it is entitled to judgment as a matter of law because it has already "returned all [of the] monies [that] it obtained from Garwood, [and therefore] there is nothing else left for [her] to receive from the Department."  (See Resp't Confd'l Mem. Supp. Mot. Summ. J. ("Resp't Br.") at 1.)  The Department explains that because a tax payment under Indiana Code § 6-8.1-8-1[4] cannot be made by providing goods (i.e., animal inventory) or services to the Department, Garwood is actually "seek[ing] compensatory damages . . . when she asks for more money than she paid in tax."  (See Resp't Confd'l Reply Supp. Mot. Summ. J. ("Resp't Reply Br.") at 1-4.)  (See also Resp't Br. at 5-8; Hr'g Tr. at 3-6.)  The Department contends that Garwood's claim for compensatory damages, arising from its sale of her animal

---

[4]  Indiana Code § 6-8.1-8-1 provides, in part, that "[a] person may make a tax payment:  (1) in cash; (2) by bank draft; (3) by check; (4) by cashier's check; (5) by money order; (6) by credit card, debit card, charge charge, or similar method; or (7) if approved by the department, by an electronic fund transfer (as defined in IC 4-8.1-2-7)."  IND. CODE § 6-8.1-8-1(a) (2011).

inventory in Harrison County, should be litigated in the Harrison Circuit Court rather than the Tax Court. (See Resp't Reply Br. at 4; Hr'g Tr. at 14-15.) The Court, however, finds these arguments unpersuasive.

First, on October 31, 2013, the Court already determined that it has subject matter jurisdiction over Garwood's appeal. See Garwood III, 998 N.E.2d at 318-21. As the Indiana Supreme Court has explained, the "Legislature intended that all challenges to the tax laws--regardless of the legal theory relied on--be tried in the Tax Court." State v. Sproles, 672 N.E.2d 1353, 1357 (Ind. 1996). Accordingly, Garwood may prosecute her claim for compensatory damages, which was asserted concurrently with her refund claim, in the Tax Court because it arose from the Department's seizure and subsequent sale of her animal inventory pursuant to invalid jeopardy tax assessments. See, e.g., Newby v. Indiana Dep't of State Revenue, 826 N.E.2d 173, 175-77 (Ind. Tax Ct. 2005) (upholding a taxpayer's CSET assessment because it did not violate federal and state double jeopardy prohibitions or the provisions of his plea agreement), review denied; Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue, 583 N.E.2d 214, 217 (Ind. Tax Ct. 1991) (stating that "a § 1983 claim, a federal civil rights tort, which arises under the tax laws of Indiana and is [an] initial appeal from the final determination of a state tax agency can only be determined in Indiana by the tax court").

Moreover, Indiana's notice pleading provision, Indiana Trial Rule 8(A), requires "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Trail v. Girls & Boys Clubs of Nw. Indiana, 845 N.E.2d 130, 135 (Ind. 2006) (citation omitted). Garwood's petition alleges that she is entitled to relief because 1) the Department seized property that was valued at $125,235; 2) Garwood filed a refund

claim for $122,684.50; and 3) the Department only returned $175.48. (See Resp't Des'g Evid., Ex. 4 ¶¶ 4-9.) Garwood subsequently explained that the Department's allegedly improper "closed door" sale of her animal inventory to the U.S. Humane Society pursuant to invalid jeopardy tax assessments entitles her to relief. (See Pet'r Resp. Resp't Mot. Summ. J. at 2-5; Hr'g Tr. at 7-8.) Consequently, even if the Court found that the provision of goods or services does not constitute a tax payment under Indiana Code § 6-8.1-8-1, the Department would not be entitled to an entry of summary judgment because Garwood has presented a claim for which this Court can provide relief. See Harlan Sprague, 583 N.E.2d at 224 (explaining that a taxpayer properly invoked this Court's jurisdiction and its judicial remedies by appealing the Department's denial of its refund claim concurrently with its § 1983 claim). As such, Garwood's claim for compensatory damages will be heard in the Tax Court without a jury. See IND. CODE § 33-26-6-1 (2014) (stating that the Court "shall try each original tax appeal without the intervention of a jury"); State Line Elevator, Inc. v. State Bd. of Tax Comm'rs, 526 N.E.2d 753, 753-54 (Ind. Tax Ct. 1988) (holding that a taxpayer does not have a constitutional right to a jury trial in a statutory proceeding).

### CONCLUSION

For the above stated reasons, the Court cannot conclude that the Department properly denied Garwood's refund claim as a matter of law. Accordingly, the Court DENIES the Department's motion for summary judgment. The Court will issue, under

6

separate cover, an order scheduling this matter for further proceedings.

SO ORDERED this 31st day of December 2014.

_____
Thomas G. Fisher
Senior Judge, Indiana Tax Court

Distribution:
Stacy K. Newton, JACKSON KELLY, PLLC, 221 N.W. Fifth Street, P.O. Box 1507, Evansville, IN 47706-1507;

Gregory F. Zoeller, Attorney General of Indiana, By: John P. Lowrey, Deputy Attorney General, Indiana Government Center South, Fifth Floor, 302 West Washington Street, Indianapolis, IN 46204-2770.