# MEMORANDUM DECISION

Pursuant to Indiana Tax Court Rule 17, this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

CLERK
of the supreme court,
court of appeals and
tax court

---

PETITIONER APPEARING PRO SE:
**RICHARD D. FOSTER**
Branchville, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**KENNETH E. BIGGINS**
**JOHN P. LOWERY**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

---

# IN THE
# INDIANA TAX COURT

---

| | |
|---|---|
| RICHARD D. FOSTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1504-TA-00017 |
| | ) |
| INDIANA DEPARTMENT OF STATE REVENUE, | ) |
| | ) |
| | ) |
| Respondent. | ) |

---

## ORDER ON RESPONDENT'S MOTION TO DISMISS

**July 17, 2015**

WENTWORTH, J.

Richard D. Foster filed an appeal with this Court, claiming that as a result of his pleading guilty to possession of marijuana, the Indiana Department of State Revenue

illegally assessed Controlled Substance Excise Tax (CSET) and seized the titles to his vehicles. The Department has moved to dismiss Foster's appeal alleging that the Court lacks subject matter jurisdiction. The Court grants the Department's motion.

## FACTS & PROCEDURAL BACKGROUND

On July 20, 1993, Foster was charged with possession of marijuana with intent to deliver and with violating the controlled substance excise tax provision, Indiana Code § 6-7-3-11. (See Resp't Mot. Dismiss, Ex 1.) On July 22, 1993, the Department issued Foster an assessment of CSET, penalties, and interest. (Resp't Mot. Dismiss, Ex 2. at 5-6.) In accordance with a plea negotiation agreement, Foster pled guilty and was sentenced on July 25, 1994.

On April 22, 2015, Foster filed an appeal with this Court. In his Complaint, Foster 1) requested that the Department refund all of his tax refunds that had been applied toward the CSET assessment; 2) sought payment for all of his vehicles that he lost due to the Department's seizure of their titles; and 3) sought compensatory and punitive damages in the amount of $100,000. (Pet'r Prisoner Civil Compl. at 2.) Foster's request for relief was based on, among other things, the fact that his plea agreement did not include the assessment of CSET. (See Pet'r Letter Supp. Mot. J. at 1.)

On June 25, 2015, the Department filed a Motion to Dismiss, asserting the Court lacked subject matter jurisdiction to hear Foster's appeal. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

When this Court rules on a motion to dismiss for lack of subject matter jurisdiction, it may consider the petition, the motion, and any supporting affidavits or

2

evidence. <u>Garwood v. Indiana Dep't of State Revenue</u>, 998 N.E.2d 314, 317 (Ind. Tax Ct. 2013) (citations omitted). Furthermore, the Court may weigh the evidence to determine the existence of requisite jurisdictional facts, resolve factual disputes, and devise procedures to ferret out the facts pertinent to jurisdiction. <u>Id.</u>

## LAW & ANALYSIS

Subject matter jurisdiction, the power of a court to hear and determine a particular class of cases, can be conferred upon a court only by the Indiana Constitution or by statute. <u>See</u> <u>K.S. v. State</u>, 849 N.E.2d 538, 540 (Ind. 2006); <u>State v. Sproles</u>, 672 N.E.2d 1353, 1356 (Ind. 1996). The Indiana Tax Court has the power to hear and determine only those cases that are "original tax appeals," <u>i.e.</u>, appeals that <u>both</u> arise under the tax laws of Indiana and are initial appeals of a final determination of the Department. <u>See</u> Ind. Code §§ 33-26-3-1, -3 (2015).

A case arises under Indiana's tax laws "if (1) 'an Indiana tax statute creates the right of action,' or (2) 'the case principally involves collection of a tax or defenses to that collection.'" <u>State ex rel. Zoeller v. Aisin USA Mfg., Inc.</u>, 946 N.E.2d 1148, 1152 (Ind. 2011) (quoting <u>Sproles</u>, 672 N.E.2d at 1357). Here, Foster's claim is that the Department improperly collected CSET; accordingly, the case arises under the tax laws of Indiana.

For the Court to have subject matter jurisdiction, the case must also be an initial appeal from a final determination of the Department. I.C. § 33-26-3-1(1). A final determination "is an order that determines the rights of, or imposes obligations on, the parties as a consummation of the administrative process." <u>See</u> <u>State Bd. of Tax Comm'rs v. Ispat Inland, Inc.</u>, 784 N.E.2d 477, 481 (Ind. 2003). As the Indiana

3

Supreme Court has explained,

> [a] taxpayer receives a final determination in one of two ways. The taxpayer can pay the tax, request a refund, and sue in the Tax Court if the request is denied. Alternatively, the taxpayer can protest the listed tax at the assessment stage and appeal to the Tax Court from a letter of findings denying the protest.

Sproles, 672 N.E.2d at 1357 (citations omitted).

The evidence presented in both Foster's Complaint and the Department's Motion to Dismiss with supporting exhibits establishes that Foster neither timely filed a protest with the Department after it issued the CSET assessment, penalties, and interest on July 22, 1993, nor timely filed a Claim for Refund with the Department of the money it applied to his liabilities. See 45 IND. ADMIN. CODE 15-5-8 (2015) (see http://www.in.gov/legislative/iac/) (requiring a taxpayer to file a written protest 20 days from the date a CSET assessment or jeopardy assessment is made); IND. CODE § 6-8.1-9-1(a) (2015) (requiring a taxpayer to file a claim for refund with the Department within 3 years after the latter of the due date of the return or the date of payment). Consequently, there is no evidence that the Department issued a Letter of Findings, a Memorandum of Decision, or an Order denying a refund. Accordingly, Foster does not appeal from a final determination and the Court lacks subject matter jurisdiction to hear and determine his appeal.

## ORDER

The Court, having found that Foster has not taken his appeal from a final determination of the Department, hereby GRANTS the Department's Motion to Dismiss.

SO ORDERED this 17th day of July, 2015.

_____
Martha Blood Wentworth, Judge
Indiana Tax Court

4

Distribution:

Richard D. Foster, Kenneth E. Biggins, John P. Lowrey